JARED BARHITE, APPELLANT, v. BOARD OF EDUCATION
OF THE TOWN OF WEST NEW YORK, RESPONDENT.

Submitted July 6, 1914—Decided October 16, 1914.

On appeal-from the Supreme Court, in which the following
*per curiam* was filed:

"The proceedings really sought to be set aside are those
taken in June, 1910, by which the prosecutor was suspended
as supervising principal. Obviously, the great delay bars the
prosecutor unless this case differs from the usual one. *Glori*
v. *Board of Police Commissioners,* 72 N. J. L. 131. It is said
the rule does not apply since the prosecutor seeks only to set
aside the order of the state board of education made in July,
1913. This, however, is not the case. The writ brings up
the resolution of June, 1910, and this is necessary in order to
secure for the prosecutor the right he claims. Even if this
were not so, we ought to look beyond the mere form. If we
do so, we cannot fail to perceive that the prosecutor waited
two years and a half before proceeding to vindicate his rights.
Meantime, the defendant had incurred other obligations. It
is no answer to say that his delay was due to his acquiescence
in a ruling of the former state superintendent, which has
since been reversed by the state board of education. He ac-
quiesced of his own choice. It is no answer to say that the
ruling of the state superintendent was not made in his case
but in that of other teachers. The ruling was applicable to
his case, and he assumed and acted upon its correctness for
two years and a half. It is true that the state board was
wrong in saying that he had had his day in court; he had
not had it in a strict technical sense of the words as used by
lawyers, and he has lost his right not by an adjudication
against him, but by laches. The result is the same.

"The writ should be dismissed."

For the appellant, *Roe, Runyon & Autenreith.*

For the respondent, *Francis H. McCauley.*

For the state board of education, *John W. Wescott.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance—*THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 14.

*For reversal—*None.